# IN THE COURT OF APPEALS OF IOWA

No. 16-1688
Filed December 21, 2016

**IN THE INTEREST OF R.H.,**
**Minor Child,**

**J.P. and K.P.,**
      Intervenors/Appellants.

_____

Appeal from the Iowa District Court for Pottawattamie County, Gary K. Anderson, District Associate Judge.

The intervenors appeal the juvenile court's denial of their motion seeking immediate placement of a child into their care. **AFFIRMED.**

DeShawne L. Bird-Sell of Sell Law PLC, Glenwood, for appellants.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Sara E. Benson, of Benson Law, P.C., Council Bluffs, guardian ad litem for minor child.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

A Colorado couple, Joan and Kevin, wish to adopt R.H., a kindergartner who has been in the legal custody of the Iowa Department of Human Services (DHS) since the juvenile court terminated the parental rights of her biological mother and father. The father is Joan's cousin. In this appeal, intervenors Joan and Kevin contest the court's denial of their motion for immediate placement of R.H. into their care. The court elected not to disturb R.H.'s current placement with her half-brother, J.B., and his paternal grandmother, Colleen, while the DHS moved forward with its process to select appropriate adoptive parents. Because we are unpersuaded by the intervenors' argument that the least-restrictive placement must be with a relative, we affirm.

We review the juvenile court's post-termination order de novo. *See In re E.G.*, 745 N.W.2d 741, 743 (Iowa Ct. App. 2007). In doing so, we "review both the facts and the law and adjudicate rights anew." *Id.* We give weight to the juvenile court's factual findings, but we are not bound by them. *In re N.M.*, 528 N.W.2d 94, 96 (Iowa 1995).

Colleen and her partner Earl assumed care of R.H. in November 2014 when the child could not safely remain with her parents because of their involvement with illegal drugs. Colleen is also the guardian for her grandson, J.B., who is six years older than R.H. and has the same biological mother. While they are not "blood relatives," R.H. considers Colleen and Earl to be like her grandparents. The DHS reports R.H. is "very mature for her age" and "very intelligent" but displays troubling behavior issues, having been diagnosed with

reactive attachment disorder, posttraumatic stress disorder, conduct disorder, attention deficit hyperactivity disorder, and generalized anxiety.

Meanwhile, in the spring of 2015, Joan and Kevin contacted the DHS to offer their home in Castle Rock, Colorado, as a placement for R.H. At that time, they had not met R.H., but Joan believed it was important for family members to step in if her cousin was not able to take care of his daughter. Joan and Kevin have three young children of their own. In October 2015, the DHS received an approved home study for Joan and Kevin, and they began to have in-person and video visitation with R.H. R.H. calls Joan her "auntie."

The juvenile court held a termination-of-parental-rights hearing in February 2016. At the outset, the court overruled a motion by Joan and Kevin to intervene for purposes of placement, holding it was "not really germane" to the question of termination. The court granted the State's petition to terminate parental rights in April 2016. R.H.'s father appealed the order, and our court affirmed. *See In re R.H.*, No. 16-0662, 2016 WL 3280665, at *1 (Iowa Ct. App. June 15, 2016). Joan and Kevin did not appeal the denial of their motion to intervene.

Instead, on June 22, 2016, Joan and Kevin filed a motion seeking to intervene and asking the court to place R.H. in their care. The motion pointed out R.H.'s current placement with Colleen was not a placement with a family member and was without an approved home study.[1] At the September 2016 placement hearing, the assistant county attorney offered this candid sentiment to Joan: "I wish we had more relatives like you that got involved in the system. I

---

[1] At the time of the placement hearing, Colleen and Earl were participating in an adoptive home study.

think it would make a lot of cases easier. Unfortunately, it's making this one harder." The juvenile court granted the motion to intervene but determined, "at the present time, it is in the child's best interest to remain in her current placement." The court found the DHS would remain R.H.'s guardian and "determine through its processes who should adopt this child."

On appeal, the intervenors contend R.H.'s current placement with Colleen and Earl "defies the requirements of least restrictive placement." They cite *In re N.M.*, 528 N.W.2d at 97, for the proposition that "chapter 232 favors relative placements over nonrelative placements." The State counters, "[t]here is no statutory preference for placement with a relative after termination of parental rights," and cites *In re R.J.*, 495 N.W.2d 114, 117 (Iowa Ct. App. 1992). We agree with the State's position.

"Iowa Code section 232.117(3) (2015) governs transfer of guardianship and custody of a child following termination of parental rights." *In re N.V.*, 877 N.W.2d 146, 150 (Iowa Ct. App. 2016). Section 232.117(3) authorizes placement with the department, another agency, facility, or institution, or "other relative, or other suitable person." *See id.* After termination, the statute "gives no preference to any person or entity." *See In re D.H.*, No. 10-1313, 2010 WL 4484849, at *4 (Iowa Ct. App. Nov. 10, 2010).

In deciding the intervenors' motion, the juvenile court was not required by statute to give preference to placing R.H. with an adult relative over placement in her foster home of nearly two years. The juvenile court recognized the question was whether changing placements served the best interests of the child. *See In re E.G.*, 745 N.W.2d at 744. R.H.'s therapist and her guardian ad litem both

recommended her placement not be changed pending the adoption decision. We agree denying a move at this juncture was in R.H.'s best interests. The sibling connection at the home of Colleen and Earl is an important consideration. *See In re L.B.T.*, 318 N.W.2d 200, 202 (Iowa 1982) ("Wherever possible brothers and sisters should be kept together."); *see also* Iowa Code § 232.108(1).

The ultimate question of the appropriate adoptive home is not before us. On the question of the intervenors' motion for immediate placement of R.H. with them, we reach the same conclusion as the juvenile court.

**AFFIRMED.**